UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY, 122425,

        Petitioner,

v.                                      CASE NO. 2:09-CV-14553
                                       HONORABLE ARTHUR J. TARNOW

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Michigan prisoner Harold Staffney ("Petitioner"), has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 *et seq*. challenging his 1987 convictions for first-degree murder and felony firearm which were imposed following a jury trial in the Kent County Circuit Court. Petitioner was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment on those convictions in 1988. Petitioner has previously filed habeas petitions in federal court challenging the same convictions. For the reasons stated, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court

of appeals a screening function which the district court previously performed.  *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed federal habeas petitions challenging the same state convictions at issue in the instant petition.  Two of those case were dismissed without prejudice for failure to exhaust state court remedies.  *See Staffney v. Johnson*, No. 1:91-CV-478 (W.D. Mich. May 1, 1992); *Staffney v. Abramajtys*, No. 1:98-CV-39 (W.D. Mich. Dec. 14, 1998).  One case, however, was dismissed with prejudice for failure to comply with the one-year statute of limitations applicable to federal habeas actions.  *See Staffney v. Berghuis*, No. 4:03-CV-106 (W.D. Mich. Aug. 20, 2003).  Such a prejudicial dismissal is a decision which renders a subsequent habeas petition second or successive.  *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).  Additionally, the Sixth Circuit has previously denied Petitioner authorization to file a second or successive habeas petition (on claims similar to those presented here).  *See In re Harold Staffney*, No. 07-2087 (6th Cir. April 15, 2008).  The instant petition is therefore a second or successive petition.  Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  November 25, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 25, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1]28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.