UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY, 122425,

    Petitioner,

v.    CASE NO. 2:09-CV-14553
    HONORABLE ARTHUR J. TARNOW
RAYMOND BOOKER,

    Respondent.
               /

## ORDER DENYING PETITIONER'S MOTION
## FOR RELIEF FROM JUDGMENT

  Michigan prisoner Harold Staffney ("Petitioner"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 *et seq.* challenging his 1987 convictions for first-degree murder and felony firearm which were imposed following a jury trial in the Kent County Circuit Court. Petitioner was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment on those convictions in 1988. Petitioner previously filed habeas petitions in federal court challenging the same convictions. Consequently, on November 25, 2009, this Court transferred his case to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). The Sixth Circuit dismissed the case for want of prosecution in March, 2010. Petitioner has now filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), which challenges the Court's transfer order and the Sixth Circuit's handling of his case.

1

Under Federal Rule of Civil Procedure 60(b)(4), a district court will grant relief from a final judgment or order only upon a showing that the judgment is void. Fed. R. Civ. P. 60(b)(4). Petitioner is not entitled to relief Rule 60(b)(4). The Court did not issue a final judgment in this case, but merely transferred the matter to the Sixth Circuit. The Sixth Circuit dismissed his case for want of prosecution. This Court does not have the authority to overturn that decision. *See, e.g., White v. Carter*, 27 F. App'x 312, 313-14 (6th Cir. 2001) (district court lacks authority to reinstate habeas petitioner's second or successive habeas petition after appellate court declines to grant leave to file such a petition); *see, Keith v Bobby*, __ F. 3d. __ (No. 09-3871, 8/31/10).

Moreover, this Court did not err in transferring the habeas petition to the Sixth Circuit. If Petitioner wishes to again challenge his state criminal convictions, he must obtain authorization from the Sixth Circuit to file a second or successive habeas petition before proceeding in the district court on federal habeas review. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).

Accordingly, the Court **DENIES** Petitioner's motion. Petitioner shall not file any further motions with this Court unless and until the Sixth Circuit grants him authorization to file a second or successive habeas petition.

**IT IS SO ORDERED**.

S/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: September 2, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Secretary